## DORA E. JEFFERSON AND ANOTHER v. ARCHIBALD C. JEFFERSON.[1]

December 30, 1927.

No. 26,366.

**Covenant of lessee to pay taxes upon leased property construed.**

A covenant of a lessee "to pay all unpaid taxes and assessments that are now levied or assessed upon said real estate during the term of said lease or any renewals thereof" construed, upon the circumstances stated in the opinion, there being no "unpaid taxes and assessments," as evidencing an intention of the parties to impose the tax obligation, during the term, upon the lessee.

Landlord and Tenant, 36 C. J. p. 120 n. 62 New.

---

See note in L. R. A. 1915A, 334; 16 R. C. L. 814; 3 R. C. L. Supp. 602; 4 R. C. L. Supp. 1079.

---

Defendant appealed from an order of the district court for Ramsey county, Michael, J. denying his motion for a new trial. Affirmed.

*Denegre, McDermott, Stearns & Stone,* for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for respondents.

[1]Reported in 217 N. W. 135.

WILSON, C. J.

Defendant appealed from an order denying his motion for a new trial.

Dora E. Jefferson, George B. Spencer and defendant are the executors of the estate of Rufus C. Jefferson, deceased. The controversy arises out of a lease in which decedent was lessor and defendant lessee. Defendant's fiduciary relation to the adversaries was an obstacle to a settlement between the parties and resulted in his co-executors asking the court to take equitable cognizance of the matter and settle the controversy, which hinges upon one of defendant's covenants in the lease, to-wit:

"to pay all unpaid taxes and assessments that are now levied or assessed upon said real estate during the term of said lease or any renewals thereof."

The lessee covenanted to pay $3,800 per year, to keep the buildings in repair and to insure them against loss by fire in the sum of $17,500 payable to lessor. The lease dated December 1, 1917, was for a term of three years with the privilege of five more. The lease continued until the death of lessor on February 11, 1925. In the meantime the lessor added a building at a cost of $5,000 and increased the rent to $4,200.

The clause involved is awkwardly expressed and the language is inapt. However it is not of such character as to invoke the application of technical rules of construction. The meaning or intention of the parties is not obscure.

There are some reasons why defendant cannot prevail. First, there were no "unpaid taxes," which is a very good reason why defendant's liability was not limited thereto. Second, if the covenant was so restricted it would seem to follow that the lessee need pay only at some time "during the term," resulting in an absurdity which is to be avoided. Third, the lessor, having paid the taxes, could not have meant that lessee was to pay only the "unpaid taxes;" and it is highly improbable that lessee would covenant, as a part of his rent for a term of years, to pay a certain item without knowing its amount and concerning which an inquiry would readily

have disclosed that it was paid. It is fair to infer that the lessee did not make an unnecessary, blind covenant. If he knew there were no "unpaid taxes" the covenant was useless. The inference is that he must have intended otherwise. The fact that the taxes for the year 1917 may have been "assessed" is of little consequence. We cannot assume that the parties had such fact in mind. The amount was not due or payable nor is there any reason why the lessee's obligation should be limited to a single isolated year. Fourth, the annual taxes were about $2,000. The premises were valuable. In all reasonable probability, in view of the amount of rent to be paid, the parties would put the tax burden upon the lessee.

It is clear that the parties intended that the lessee should pay some taxes. There being none "unpaid," they must have contemplated future taxes accruing "during the term of said lease or any renewals thereof." The entire transaction indicates that the rent was intended to produce a certain net income, and consistent therewith the parties apparently intended that lessee should pay the current taxes as they accrued during the term. They would not have used such language had they intended otherwise. Doubtful covenants are to be construed most strongly against the covenantor. We reach the conclusion that it was the intention of the parties to impose the tax obligation during the term upon the lessee.

Affirmed.

STONE, J. took no part.